[Cite as *State v. Reed*, 2018-Ohio-4451.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

Court of Appeals No. E-17-038

    Appellee

Trial Court No. 2015-CR-319

v.

Dequez Reed

**DECISION AND JUDGMENT**

    Appellant

Decided: November 2, 2018

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Martha S. Schultes, Assistant Prosecuting Attorney, for appellee.

Brian J. Darling, for appellant.

* * * * *

**MAYLE, P.J.**

**{¶ 1}** Defendant-appellant, Dequez Reed, appeals the June 23, 2017 judgment of

the Erie County Court of Common Pleas, convicting him of aggravated possession of

drugs and preparation of oxycodone for sale, and sentencing him to a mandatory prison

term of three years. For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} On July 21, 2015, Ohio State Highway Patrol Trooper Elizabeth Grabel was patrolling a stretch of the Ohio turnpike in Erie County, Ohio, when she observed a red Jeep SUV traveling eastbound at 86 m.p.h. Trooper Grabel initiated a stop of the vehicle. She approached the passenger side and encountered a male driver and a female passenger. The passenger told Trooper Grabel that her mother had rented the vehicle, and the driver told her that they were headed to West Virginia to pick up his brother from school. Trooper Grabel asked the driver for his license and asked to see the rental agreement. The driver opened the center console as if to look for his license, then quickly closed it. He told the trooper that he did not have it with him. She asked him to step out of the vehicle and to be seated in the back seat of her cruiser while she verified his identity. The passenger was permitted to stay in the vehicle.

{¶ 3} The driver was identified as Dequez Reed and the passenger was identified as Dorisha Moore. Trooper Grabel told Reed that she smelled a strong odor of marijuana and Reed admitted that he had smoked marijuana about two to two-and-one-half hours earlier. She asked if there was any additional marijuana in the vehicle, and Reed said that there was not. Nevertheless, Trooper Grabel intended to search the vehicle, and she radioed for assistance.

{¶ 4} Reed was initially very polite and cooperative. But once he heard Trooper Grabel request assistance to search the vehicle, Reed repeatedly asked to return to his car, first to look for his license, then to check to see if there was additional marijuana in the

vehicle. When Trooper Grabel advised him that he would not be able to return to his car, Reed became very upset and agitated.

{¶ 5} Trooper Josh Smith arrived on the scene to assist Trooper Grabel. Moore was placed in the back of Trooper Smith's patrol car, and the troopers searched the vehicle. In the center console, they found two bags of pills—a black pouch with 200 tablets and a Swisher Sweet pouch with 100 tablets. There were no prescription bottles for the pills. Both Reed and Moore denied that the pills were theirs.[1]

{¶ 6} Reed was arrested. The Ohio State Highway Patrol's Crime Laboratory in Columbus tested a statistical sampling of the pills. They were determined to be 30 milligram oxycodone tablets with an estimated street value of approximately $9,000.

{¶ 7} Reed was charged with aggravated possession of drugs, a violation of R.C. 2925.11(A) and (C)(1)(c) (Count 1), and preparation of oxycodone for sale, a violation of R.C. 2925.03(A)(2) and (C)(1)(d) (Count 2), both second-degree felonies. The case was tried to a jury on May 9-12, 2017. The jury found Reed guilty of both counts. The trial court merged the convictions for purposes of sentencing, and the state elected to go forward to sentencing on Count 2. The trial court sentenced Reed to a mandatory prison term of three years, a fine of $7,500, and a two-year term of postrelease control. Reed's conviction and sentence were memorialized in a judgment entry journalized on June 23, 2017.

---

[1] There was also marijuana found in Moore's purse.

3.

**{¶ 8}** Reed appealed and assigns a single error for our review:

THE DEFENDANT'S CONVICTION IS AGAINST THE

MANIFEST WEIGHT OF EVIDENCE[.]

## II. Law and Analysis

**{¶ 9}** In his sole assignment of error, Reed argues that the jury's verdict was against the manifest weight of the evidence because Reed "has no drug history, [he] did not actually or constructively possess the drugs, and there is no evidence connecting [him] to the drugs other than his proximity to the center console where the drugs were found." He maintains that the jury clearly lost its way in evaluating the credibility of the state's witnesses and the evidence against him.

**{¶ 10}** The state responds that the jury reached the correct conclusion in this case after hearing testimony regarding Reed's behavior, reviewing the video and audio recordings of the traffic stop, and listening to expert testimony.

**{¶ 11}** When reviewing a claim that a verdict is against the manifest weight of the evidence, the appellate court must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the jury clearly lost its way in resolving evidentiary conflicts so as to create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We do not view the evidence in a light most favorable to the state. "Instead, we sit as a 'thirteenth juror' and scrutinize 'the factfinder's resolution of the conflicting testimony.'" *State v. Robinson,* 6th Dist. Lucas

No. L-10-1369, 2012-Ohio-6068, ¶ 15, citing *Thompkins* at 388.  Reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction."  *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 12} The drugs here were not found on Reed's person; rather, Reed's convictions were premised on his constructive possession of the pills.  Constructive possession occurs when a person "'knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.'"  *In re Israel D.*, 6th Dist. Sandusky No. S-95-024, 1996 Ohio App. LEXIS 2493, *10-11 (June 21, 1996), quoting *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982).  While close proximity to contraband alone is insufficient to prove constructive possession, it can be used as circumstantial evidence of constructive possession.  *Id.*, citing *State v. Chapman*, 73 Ohio App.3d 132, 138, 596 N.E.2d 612 (3d Dist.1992).

{¶ 13} Reed contends here that his conviction was based solely on the fact that the drugs were found in close proximity to where he had been seated.  He complains that (1) the state conducted no fingerprint analysis to determine whether he touched the bags in which the pills were found; (2) the car was a rental and multiple other individuals had access to the vehicle; (3) Reed told Trooper Grabel that a friend—"Sam"—had borrowed the car and could have placed the drugs in the console, but the state did not investigate this claim; (4) Reed had a cell phone with him, yet the state did not examine the device for any evidence linking him to the drugs; (5) there was no evidence that either Reed or

5.

Moore made any furtive movements when Trooper Grabel stopped the vehicle; (6) there was no other evidence connecting Reed to the trafficking and distribution of drugs; and (7) Moore, a passenger in the vehicle, was in equal proximity to the center console. Reed insists that the state established no factor probative of his dominion or control over the contraband other than mere proximity.

{¶ 14} The state disputes that it proved no factor other than proximity. It points to Trooper Grabel's testimony indicating that while purporting to look for his license, Reed opened the center console slightly, but then slammed it shut so Trooper Grabel could not see into it. This conduct, it claims, demonstrated that Reed knew the drugs were in the console and he did not want Trooper Grabel to find them. The state also points out that Reed was initially polite and helpful and went willingly to the cruiser, but he became "very agitated and desperate" when he learned that the vehicle would be searched, pleading with Trooper Grabel to allow him to return to the car to look for his license or for additional marijuana. Again, the state claims, this was evidence that Reed knew the drugs were there.

{¶ 15} "Constructive possession of contraband may be inferred from 'the surrounding facts and circumstances, including the defendant's actions.'" *State v. Washington*, 6th Dist. Ottawa No. OT-12-032, 2014-Ohio-1008, ¶ 31, quoting *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, 922 N.E.2d 248, ¶ 28 (10th Dist). For instance, excessive nervousness, an attempt to flee, or furtive movements by a suspect "may provide sufficient indicia of dominion or control over contraband, allowing an

6.

inference of constructive possession." *State v. Brown*, 4th Dist. Athens No. 09CA3, 2009-Ohio-5390, ¶ 20, quoting *State v. Riggs*, 4th Dist. Washington No. 98CA39, 1999 Ohio App. LEXIS 4327, *5 (Sept. 13, 1999); *State v. Raphael*, 12th Dist. Warren No. CA2017-01-010, 2018-Ohio-140, ¶ 26; *State v. Edwards*, 10th Dist. Franklin No. 05AP-400, 2006-Ohio-1344, ¶ 28.

{¶ 16} Ohio courts have also recognized that "the possession of the keys to [an] automobile is a strong indication of control over the automobile and all things found in or upon the automobile." *State v. Buckley*, 7th Dist. Columbiana Case No. 83-C-52, 1986 Ohio App. LEXIS 5591, *4-5 (Feb. 6, 1986). In *State v. Ray*, 9th Dist. Medina No. 03CA0062-M, 2004-Ohio-3412, ¶ 23-25, for instance, the appellant was convicted of possession of a controlled substance after officers found marijuana in the center console of the vehicle he was driving. The Ninth District affirmed appellant's conviction despite the fact that the vehicle was owned by appellant's girlfriend's mother and both appellant and the passenger had equal access to the center console It found that the state established appellant's constructive possession of the drugs, reasoning that "dominion and control over the vehicle can establish dominion and control over the items within the vehicle, including contraband such as drugs or weapons." *Id.* at ¶ 24, citing *State v. Paul*, 8th Dist. No. 79596, 2002-Ohio-591.

{¶ 17} Similarly, in *State v. Robinson*, 9th Dist. Wayne No. 04CA0066, 2005-Ohio-2151, ¶ 14-15, officers found crack cocaine between the driver's seat and the passenger's seat. Both appellant—the driver—and his passenger had equal access to the

7.

drugs, both denied ownership of the drugs, no drug paraphernalia was found in the car, and no fingerprints were recovered from the bags in which the drugs were stored. Nevertheless, the Ninth District held that the state established that appellant constructively possessed the drugs. Again, it reasoned that appellant was driving and, therefore, had control of the vehicle, and the drugs were found within arm's length.[2] *See also State v. Walker*, 8th Dist. Cuyahoga No. 83035, 2004-Ohio-156, ¶ 20 (finding that appellant constructively possessed crack cocaine found in center console of vehicle he was driving, and concluding that it was "immaterial that the vehicle was not owned by appellant, as he was driving the vehicle and the additional drugs were located in the center console immediately to the right of appellant").

{¶ 18} Here, although the vehicle was rented by Moore's mother, Reed was driving the vehicle and was, therefore, exercising dominion and control over the vehicle. The drugs were within his reach, and despite his contention that he exhibited no furtive movements, his conduct in opening and quickly closing the console may reasonably be deemed a furtive movement. The state also offered into evidence the recordings from inside Trooper Grabel's squad car. Reed's tone and demeanor changed dramatically once he learned that a second trooper was on his way to assist in searching the vehicle.

---

[2] In *Ray*, appellant also had papers in the center console, and in *Robinson*, appellant's wallet was in the center console. While we recognize that this detail is absent in the present case, we nevertheless note that Trooper Grabel testified that Reed began to open the center console when he was asked to present his driver's license.

8.

{¶ 19} Finally, we note that Ohio courts have held that two or more persons may have joint constructive possession of a particular item. *State v. McCallister*, 4th Dist. Scioto No. 13CA3558, 2014-Ohio-2041, ¶ 31. "Joint possession exists when two or more persons together have the ability to control an object, exclusive of others." (Citations omitted.) *State v. Gilbert*, 9th Dist. Medina No. 11CA0076-M, 2012-Ohio-4090, ¶ 11. Thus, constructive possession by Reed could be established regardless of the fact that Moore also had access to the center console.

{¶ 20} Although under a manifest-weight standard we consider the credibility of witnesses, we must nonetheless extend special deference to the jury's credibility determinations given that it is the jury who has the benefit of seeing the witnesses testify, observing their facial expressions and body language, hearing their voice inflections, and discerning qualities such as hesitancy, equivocation, and candor. *State v. Fell*, 6th Dist. Lucas No. L-10-1162, 2012-Ohio-616, ¶ 14. Here, the jury found the state's evidence credible. *See State v. Frye*, 4th Dist. Scioto Case No. 1819, 1990 Ohio App. LEXIS 2122, *5 (May 1, 1990) (rejecting appellant's manifest-weight challenge and observing that "although [appellant] testified other people had used his car and he had no knowledge of the presence of the drugs, the jury obviously did not believe him"). We find that the jury did not clearly lose its way, and this is not the exceptional case in which the evidence weighs heavily against the conviction.

{¶ 21} Accordingly, we find Reed's sole assignment of error not well-taken.

9.

### III. Conclusion

**{¶ 22}** The jury's verdict convicting Reed of aggravated possession of drugs and preparation of oxycodone for sale was not against the manifest weight of the evidence. Reed's constructive possession of the drugs was established by evidence that he was the driver of the vehicle, he quickly opened then closed the center console in which the drugs were found, and his tone and demeanor changed from politeness and cooperation to agitation and anxiousness upon learning that the vehicle was going to be searched.

**{¶ 23}** We find Reed's sole assignment of error not well-taken, and we affirm the June 23, 2017 judgment of the Erie County Court of Common Pleas. The costs of this appeal are assessed to Reed under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.              _____
                                               JUDGE
Thomas J. Osowik, J.       

Christine E. Mayle, P.J.      _____
CONCUR.                                     JUDGE

_____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.