[Cite as *State v. Green*, 2019-Ohio-1428.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170477 |
| | | TRIAL NO. B-1703156 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| RAFEVEL GREEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 17, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rubenstein & Thurman, L.P.A.,* and *Scott A. Rubenstein* for Defendant-Appellant.

**CROUSE, Judge.**

Defendant-appellant Rafevel Green appeals his convictions for having a weapon while under a disability, trafficking in cocaine, trafficking in heroin, aggravated possession of drugs, and endangering children. Green challenges the voluntariness of his pleas.

In his sole assignment of error, Green contends, and the state agrees, that the trial court failed to inform him of his right to confront his accusers. Under Crim.R. 11(C)(2)(c), the court shall not accept a guilty plea without personally addressing the defendant and informing the defendant that he is waiving certain constitutional rights. Among these rights is the right to confront witnesses. Crim.R. 11(C)(2)(c).

When dealing with the constitutional rights enumerated in Crim.R. 11(C)(2)(c), the trial court must strictly comply with the rule. *State v. Ballard,* 66 Ohio St.2d 473, 479, 423 N.E.2d 115 (1981). Strict compliance requires the court to "orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) * * * for the plea to be valid." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 29. Although the court may vary from the literal wording of the rule, "the court cannot simply rely on other sources to convey these rights to the defendant." *Id.*

Here, the trial court failed to inform Green of his right to confront the witnesses against him. Although Green signed a written plea agreement that states that he gives up his constitutional right to confront witnesses against him, this written waiver does not meet the strict-compliance test set forth in *Ballard. See State v. Misch,* 1st Dist. Hamilton No. C-830848, 1984 WL 6667 (June 27, 1984) (interpreting *Ballard* to require more than a written waiver of the constitutional rights listed in Crim.R. 11(C)(2)(c)). Because the court accepted his guilty pleas

without strict adherence to Crim.R. 11(C)(2), Green's assignment of error is sustained. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**MOCK, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.