[Cite as *State v. Harris*, 2022-Ohio-1021.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO.  C-210391 |
| | | TRIAL NO.    B-2005938 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| | : | |
| DARRELL HARRIS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed, Plea Vacated, and Cause Remanded

Date of Judgment Entry on Appeal: March 30, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp,* for Defendant-Appellant.

**CROUSE, Judge.**

**{¶1}** Defendant-appellant Darrell Harris appeals his felony conviction for domestic violence. In two assignments of error, Harris contends that his guilty plea was not knowing and voluntary because the trial court failed to strictly comply with Crim.R. 11 and advise him of his right to confrontation. For the reasons set forth below, we sustain Harris's first assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings. Our disposition of Harris's first assignment of error renders moot his second assignment of error and we decline to address it. *See* App.R. 12(A)(1)(c).

### *Facts and Procedure*

**{¶2}** On June 14, 2021, Harris pleaded guilty to one count of third-degree felony domestic violence in violation of R.C. 2919.25(A) and (D)(4). Before accepting the guilty plea, the court engaged Harris in the following colloquy:

THE COURT: All right. Do you understand you do have the right to have a trial by jury?

THE DEFENDANT: Yes, sir.

THE COURT: And that by signing this document you are giving up your right to that trial by jury?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you do have the right to require the prosecutor to bring in witnesses to prove your guilt beyond a reasonable doubt?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand you do have the right to bring in your own witnesses to testify on your behalf?

THE DEFENDANT: Yes.

THE COURT: Do you understand that neither myself nor the prosecutor can require you to testify against yourself?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: Do you have any questions before I accept your plea?

THE DEFENDANT: No, sir.

THE COURT: I will accept the plea of guilty. I've heard the facts. The finding is guilty.

**{¶3}** The court sentenced Harris to 36 months in prison, with credit for time served.

**{¶4}** Harris timely appealed, raising two assignments of error for our review. First, Harris contends that the trial court failed to advise him of his right to confrontation before accepting his plea. Second, Harris contends that the trial court failed to inform him that he was waiving his constitutional trial rights by entering a plea. As a result, Harris argues that his guilty plea was not entered knowingly and voluntarily. Harris asks us to vacate his guilty plea and sentence, and to remand the cause to the trial court.

### *Analysis*

**{¶5}** In his first assignment of error, Harris argues that the trial court "fail[ed] to advise him at the time of his guilty plea that he was waving his constitutional right to confront the witnesses against him." The state argues that the

court sufficiently advised Harris of this right when it asked him, "Do you understand that you do have the right to require the prosecutor to bring in witnesses to prove your guilt beyond a reasonable doubt?" The state contends that any ambiguity in that language can be "clarified by reference to * * * the plea form," which included the right to confrontation.

{¶6} "Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 13. Specifically, Crim.R. 11(C)(2)(c) provides that the court shall, prior to accepting a guilty plea:

> (c) Inform[ ] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, *to confront witnesses against him or her*, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

(Emphasis added.) Crim.R. 11(C)(2)(c).

{¶7} "When explaining the constitutional rights that are being waived, the trial court must strictly comply with Crim.R. 11." *State v. Stumph,* 1st Dist. Hamilton No. C-190318, 2021-Ohio-723, ¶ 7, citing *State v. Morris,* 1st Dist. Hamilton No. C-180520, 2019-Ohio-3011, ¶ 16, and *Veney* at syllabus; *accord State v. Miller,* 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 1 ("We reaffirm that a trial court must strictly comply with Crim.R. 11(C)(2)(c)"). Strict compliance means that a "trial court

4

must orally advise the defendant, in a manner reasonably intelligible to the defendant, that the plea waives the rights enumerated in the rule." *Miller* at ¶ 1; *see State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981). While "the trial court may vary slightly from the literal wording of the rule in the colloquy, the court cannot simply rely on other sources to convey these rights to the defendant." *Miller* at ¶ 14, quoting *Veney* at ¶ 29. For instance, a signed plea agreement that includes the right does not satisfy the strict-compliance standard when a right is omitted from an oral colloquy. *See State v. Green,* 1st Dist. Hamilton No. C-170477, 2019-Ohio-1428. However, in cases where a trial court's colloquy is merely ambiguous as to a right, rather than missing a right entirely, courts may reference other portions of the record to determine whether Crim.R. 11 has been satisfied. *See State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 25.

{¶8} When a trial court fails to advise a defendant of a Crim.R. 11(C)(2)(c) right, "the defendant's plea is constitutionally infirm, making it presumptively invalid." *See Veney* at ¶ 29, citing *Ballard* at 478, and *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51; *see also Miller* at ¶ 13 (explaining that "a trial court's failure to notify a defendant of his constitutional rights listed in Crim.R. 11(C)(2)(c) amounts to plain error").

{¶9} Harris argues that the trial court failed to advise him of his right to confrontation—a constitutional right—in its Crim.R. 11(C)(2) colloquy. We agree. While the trial court appropriately advised Harris of many of the rights enumerated in Crim.R. 11(C)(2)(c), it did not mention, or even allude to, Harris's right to confront the witnesses against him. Contrary to the state's argument, the court did not advise Harris of his right to confrontation when it advised him of his "right to require the

5

prosecutor to bring in witnesses to prove your guilt beyond a reasonable doubt." While the trial court was not required to recite Crim.R. 11(C)(2)(c) verbatim, this language does not connote a defendant's right to confront the witnesses against him. In fact, a defendant's right to require the prosecutor to prove his or her guilt beyond a reasonable doubt at a trial is a wholly separate right enumerated in Crim.R. 11(C)(2)(c). Simply adding the words "bring in witnesses" does not communicate a defendant's right to confrontation. Moreover, while the right to confrontation was included in the signed plea form, a written waiver does not satisfy strict compliance. *Green*, 1st Dist. Hamilton No. C-170477, 2019-Ohio-1428. The first assignment of error is sustained.

### *Conclusion*

**{¶10}** In light of the foregoing analysis, we sustain Harris's first assignment of error, reverse the judgment of the trial court, vacate the plea, and remand the cause for further proceedings. Because our decision to sustain the first assignment of error is dispositive, the second assignment of error is moot and we decline to address it.

Judgment reversed, plea vacated, and cause remanded.

**MYERS, P. J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.