[Cite as *State v. Harris*, 2023-Ohio-2076.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220584 |
| | | TRIAL NO. B-2005938 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| | : | |
| DARRELL HARRIS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 23, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser,* for Defendant-Appellant.

**CROUSE, Presiding Judge.**

{¶1} Defendant-appellant Darrell Harris appeals the judgment of the Hamilton County Court of Common Pleas, sentencing him to 36 months in prison for his third-degree felony domestic-violence conviction. For the reasons that follow, we affirm the judgment of the trial court.

### I. Factual and Procedural Background

{¶2} In June 2021, Harris pleaded guilty to one count of third-degree felony domestic violence in violation of R.C. 2919.25(A). The following month, he was sentenced to the maximum penalty of 36 months in prison. Harris appealed, arguing that his plea was not knowing and voluntary. This court agreed, reversed the judgment of the trial court, vacated the plea, and remanded the case for further proceedings. *See State v. Harris*, 1st Dist. Hamilton No. C-210391, 2022-Ohio-1021.

{¶3} In September 2022, Harris again pleaded guilty as charged. The court accepted the plea, and ordered a probation-investigation report and victim-impact statement. In October 2022, the court again sentenced him to the maximum sentence of 36 months in prison, with credit for time served. However, the court told Harris that "once you get your GED, I will do a judicial release."

{¶4} Harris timely appealed. In his sole assignment of error, he contends that the 36-month maximum sentence he received after pleading guilty as charged  is not supported by the record under R.C. 2929.11 and 2929.12.

### II. Law and Analysis

{¶5} We review felony sentences pursuant to R.C. 2953.08(G)(2), which allows an appellate court to "increase, reduce, or otherwise modify a sentence" if it finds, by clear and convincing evidence, that either (a) the record does not support the

sentencing court's findings under certain enumerated statutory provisions, or (b) the sentence is otherwise contrary to law.

{¶6} The Ohio Supreme Court has held that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12 because [those statutes] are not among the statutes listed in the provision." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 31. R.C. 2953.08(G)(2)(b) also does not provide a basis for the court to review the sentence because a "determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law.' " *Id.* at ¶ 32-34 (explaining that a sentence is contrary to law under the statute when it is "in violation of statute or legal regulations at a given time."); *see State v. Illing*, 1st Dist. Hamilton No. C-220166, 2022-Ohio-4266, ¶ 25 (discussing *Jones*).

{¶7} Moreover, "R.C. 2929.11 and 2929.12 are not fact-finding statutes, and, absent an affirmative demonstration to the contrary, we presume that the trial court considered them." *Illing* at ¶ 26, citing *State v. Mimes,* 1st Dist. Hamilton No. C-200122, 2021-Ohio-2494, ¶ 9.

{¶8} During the sentencing hearing, the court heard from the prosecutor that the victim hoped for the maximum sentence because she continued to feel threatened by Harris. The court also asked Harris directly about any lessons he had learned since committing the offense. After hearing from Harris, the court expressed some skepticism over whether Harris was genuinely remorseful, telling Harris that he was "kind of blaming it on [the victim]." The court discussed with Harris his disciplinary record, participation in anger-management and domestic-violence programming

3

while incarcerated, and progress on his GED. The court also asked Harris about his employment and housing.

{¶9} Harris has not demonstrated that the trial court failed to consider the statutory factors. Even if this court were to disagree with the trial court's sentence, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 42; *accord State v. Toles,* 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 11 (Brunner, J., concurring) (explaining that "*Jones* squarely prohibits" review of "an argument that the trial court erred by having inaccurately weighed the evidence relating to the factors and considerations addressed in R.C. 2929.11 and 2929.12 and by imposing a sentence that is unsupported by the record.").

### III. Conclusion

{¶10} In light of the foregoing analysis, we overrule Harris's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.