[Cite as *State v. Williams*, 2023-Ohio-4667.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230145 |
| | | TRIAL NO. B-2105645 |
| Plaintiff-Appellee, | : | |
| vs. | | |
| | : | |
| RUDY WILLIAMS, | | *O P I N I O N.* |
| | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 22, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna,* for Defendant-Appellant.

**Bock, Judge.**

{¶1}  Defendant-appellant Rudy Williams appeals his conviction for trafficking in marijuana. According to Williams, there is no evidence that he possessed the marijuana that officers recovered from an SUV. We hold that the state established Williams's constructive possession of the marijuana where evidence showed that officers found items consistent with drug trafficking on Williams's person and a large quantity of marijuana inside the vehicle driven by Williams, which was readily accessible from the driver's seat.

{¶2}  Williams also argues that a review of the record demonstrates that his sentence is inconsistent with the principles and purposes of felony sentencing. But we lack authority under R.C. 2953.08(G)(2)(a) to review whether his sentence comports with R.C. 2929.11 and 2929.12. Therefore, we affirm Williams's conviction.

## I. Facts and Procedure

{¶3}  The state charged Williams with trafficking between 200 to 1,000 grams of marijuana in the vicinity of a school or juvenile in violation of R.C. 2925.03(A)(2), and possessing between 200 to 1,000 grams of marijuana in violation of R.C. 2925.11(A).

{¶4}  At trial, Hamilton County Probation Department electronic-monitoring-unit ("EMU") employee Nick Minnich explained that he was assigned to supervise Williams, who was "out on bond on another charge." Minnich testified that he and other officers visited Williams's residence in August 2021. Officers watched as Williams parked an SUV in the driveway. The officers' search of the SUV returned two bags of marijuana from the rear floorboard and a digital scale. The parties stipulated that the two bags held 448 and 201.5 grams of marijuana.

{¶5} In addition to the SUV, officers noticed a Mercedes, which was registered to Williams's employer. Officers searched the Mercedes and recovered an additional bag of plant material believed to be marijuana. When officers searched Williams, they seized from him approximately $800 in cash in small denominations and two cell phones. A Hamilton County Crime Laboratory Report revealed that 2 of the 12 specimens of plant material from the scene tested positive for marijuana.

{¶6} The jury found Williams guilty of both possessing and trafficking in marijuana. Following his sentencing hearing, the trial court imposed a 12-month term of incarceration for marijuana trafficking and merged the marijuana-possession count into the trafficking count. The trial court ordered that 12-month sentence to run consecutively to his sentences "IN CASES B-2100707, B-2106556, AND B-2205500."

{¶7} Williams appeals in three assignments of error.

## II. Law and Analysis

### Standard of Review

{¶8} Williams argues his first two assignments of error together, asserting that there was insufficient evidence supporting his conviction and that his conviction was contrary to the manifest weight of the evidence. Williams concedes that the police recovered marijuana from the SUV he was driving. But he claims that the state failed to prove that he possessed the marijuana.

{¶9} A sufficiency challenge requires a review of " 'the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.' " *State v. Marshall*, 191 Ohio App.3d 444, 2010-Ohio-5160, 946 N.E.2d 762, ¶ 52 (2d Dist.), quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. To reverse a conviction for insufficient evidence, we must view "the evidence in a light most

favorable to the prosecution and find that no rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus.

**{¶10}** A manifest-weight challenge tests "the credibility of the evidence presented." *State v. Thomas*, 1st Dist. Hamilton No. C-020282, 2003-Ohio-1185, ¶ 5. To reverse a conviction as against the manifest weight of the evidence, we must review the record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, resolve any evidentiary conflicts, and conclude that the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at ¶ 7.

*The evidence established Williams's constructive possession of the marijuana*

**{¶11}** R.C. 2925.11(A) criminalizes possession of drugs: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Marijuana trafficking is prohibited by R.C. 2925.03(A)(3), which provides that "[n]o person shall knowingly * * * prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person." To prove drug trafficking, the state must also show that the offender possessed the drugs because "[p]ossession is a 'requisite element' of drug trafficking under R.C. 2925.03(A)(2)." *State v. Arrington*, 64 Ohio App.3d 654, 656, 582 N.E.2d 649 (8th Dist.1990).

**{¶12}** Under R.C. 2925.01(K), possession "means having control over a thing or a substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or

substance is found." A defendant's possession of an object may be actual or constructive. *Thomas* at ¶ 9. Absent a defendant's admission, possession is often established by circumstantial evidence. *State v. Hankerson,* 70 Ohio St.2d 87, 92, 434 N.E.2d 1362 (1982). And possession must be determined "from all the attendant facts and circumstances available." *State v. Teamer*, 82 Ohio St.3d 490, 492, 696 N.E.2d 1049 (1998).

{¶13} At issue here is whether the evidence established that Williams constructively possessed the marijuana. To establish constructive possession, there must be evidence of a defendant's "knowledge of an illegal substance or goods and the ability to exercise dominion or control over the substance or the premises on which the substance is found." *State v. Harris*, 8th Dist. Cuyahoga Nos. 98183 and 98184, 2013-Ohio-484, ¶ 18. Further, "ownership need not be proven to establish constructive possession." *State v. Curry*, 2d Dist. Montgomery No. 25384, 2013-Ohio-5454, ¶ 18, citing *State v. Fry*, 9th Dist. Summit No. 23211, 2007-Ohio-3240, ¶ 47.

{¶14} While a defendant's mere presence alone will not establish constructive possession, a defendant's "proximity to the object may constitute some evidence of constructive possession." *State v. Kingsland*, 177 Ohio App.3d 655, 2008-Ohio-4148, 895 N.E.2d 633, ¶ 13 (4th Dist.). Presence, "coupled with another factor or factors probative of dominion or control over the contraband, may establish constructive possession." *Id.*; *see State v. Devaughn,* 1st Dist. Hamilton No. C-180586, 2020-Ohio-651, ¶ 33.

{¶15} For instance, a driver's knowledge of controlled substances in a vehicle may be inferred "where police recovered drugs from the floor behind the driver's seat." *Thomas,* 1st Dist. Hamilton No. C-020282, 2003-Ohio-1185, at ¶ 11; *see State v. Trembly,* 137 Ohio App.3d 134, 141, 738 N.E.2d 93 (8th Dist.2000) ("the crack cocaine

and the crack pipe with cocaine residue were within arms length of defendant-appellant at the time of the search of defendant-appellant's vehicle"). Possessing "keys to the automobile is a strong indication of control over the automobile." *State v. Fry*, 4th Dist. Jackson No. 03CA26, 2004-Ohio-5747, ¶ 41; *see State v. Reed,* 6th Dist. Erie No. E-17-038, 2018-Ohio-4451, ¶ 16.

{¶16} EMU officers watched Williams, who was the only person in the vehicle, park and exit from the SUV. Minnich testified that Williams had been ticketed twice while behind the wheel of that SUV. After Williams exited from the SUV, they searched the vehicle and recovered a digital scale, a small bag of marijuana, and "two bags of marijuana on the backseat floor within arm's reach of the driver's side." Williams stipulated that those bags held a total of 649.5 grams of marijuana. EMU officers searched Williams and recovered two cell phones and $800 in small denominations. Minnich, drawing on his training and experience, explained that digital scales are used to "measure out narcotics," and that both multiple cell phones and large amounts of currency in small denominations are indicative of drug trafficking.

{¶17} Williams's repeated use of the car establishes his dominion and control over the vehicle where the marijuana was discovered. The jury could reasonably infer Williams's awareness of the marijuana's presence. First, the marijuana was easily accessible by Williams as he drove the SUV. Second, the jury could infer Williams's awareness of the marijuana based on his carrying multiple cell phones and a large quantity of cash in small denominations, which are consistent with drug trafficking.

{¶18} Williams emphasizes the absence of any cell phone data or DNA test results connecting him to the marijuana to argue that we should vacate or reverse his conviction, relying on our opinion in *Devaughn,* 1st Dist. Hamilton No. C-180586, 2020-Ohio-651. In *Devaughn,* the state failed to establish Darris Devaughn's

6

constructive possession of drugs in the center console of a parked car into which officers observed him leaning because the evidence established Devaughn's proximity to the drugs and nothing else:

> In this case, the car where the drugs were found was not registered to Devaughn. There was no testimony that he had ever driven the car or possessed the keys to the car. The officers who saw Devaughn lean into the car did not testify, so the record contains no evidence regarding how far he leaned into the car, how long he leaned into the car, or whether he made any furtive movements while leaning into the car. The state did not present any DNA or fingerprint evidence connecting him to the center console where the drugs were found or connecting him to the drugs and scale that were found in the console. Finally, the state did not present any evidence that Devaughn placed any items into the car or removed any items from the car.

*Id.* at ¶ 35.

{**¶19**} But the evidence in *Devaughn* is readily distinguishable from the evidence in this case. Williams drove the SUV several times, the marijuana sat on the rear floorboard within an arm's reach of the driver's seat, and officers found evidence of drug trafficking on Williams's person. Thus, unlike in *Devaughn,* forensic testing is not critical to establish Williams's constructive possession of the marijuana.

{**¶20**} In sum, the readily-accessible marijuana near the driver's seat in the SUV driven by Williams combined with other evidence of drug-related activity found on Williams's person established his constructive possession over the marijuana. And following an independent review of the record, we hold that Williams's conviction is

consistent with the manifest weight of the evidence. We overrule the first and second assignments of error.

*Williams's sentence was within the statutory range*

**{¶21}** In his third assignment of error, Williams maintains that the trial court erred by imposing a 12-month sentence, because, as he argues, the record does not support the trial court's findings. In Williams's view, a review of the record under R.C. 2953.08(G)(2)(a) establishes that a 9-month sentence "would have more properly served the principles and purposes of sentencing than 12 months." Williams concedes that his sentence is within the lawful range under R.C. 2929.14(A)(3)(b) and therefore is not contrary to law. And Williams acknowledges that the trial court made the requisite findings to impose consecutive sentences under R.C. 2929.14(C)(4).

**{¶22}** R.C. 2929.11 outlines the "overriding purposes of felony sentencing," and R.C. 2929.12 identifies a list of factors that the trial court must consider when imposing a sentence under R.C. 2929.11. The problem with Williams's argument is that it runs headlong into Ohio Supreme Court precedent, which instructs, "R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry" into a felony sentence as it relates to the principles and purposes of felony sentencing under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

**{¶23}** Under R.C. 2953.08(G)(2)(a), appellate courts have the power to increase, reduce, modify, or vacate a sentence if clear and convincing evidence demonstrates "[t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant." The statute " 'clearly does not provide a basis for an appellate court to

8

modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12 because [those statutes] are not among the statutes listed in [R.C. 2953.08(G)(2)(a)].' " *State v. Harris*, 1st Dist. Hamilton No. C-220584, 2023-Ohio-2076, ¶ 6, quoting *Jones* at ¶ 31.

**{¶24}** Williams does not argue that the trial court failed to consider the purposes and principles of felony sentencing under R.C. 2929.11 and 2929.12. Nor does he argue that the trial court considered impermissible factors when imposing his sentence. *See State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22. Therefore, we overrule his third assignment of error.

### III. Conclusion

**{¶25}** We overrule Williams's three assignments of error and affirm his conviction.

Judgment affirmed.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.