[Cite as *State v. Jackson*, 2019-Ohio-1688.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                 :            APPEAL NO. C-180162
                                            TRIAL NO. B-1603992
    Plaintiff-Appellee,        :

  vs.                          :            *O P I N I O N.*

TREVON JACKSON,                :

    Defendant-Appellant.       :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 3, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} After violating his community control requirements twice, the defendant now challenges his ensuing 30-month prison sentence on appeal, alleging that the record fails to support the sentence. The record, however, shows to the contrary and amply supports the trial court's decision to impose prison time for the violations. We find that the trial court properly exercised its discretion, and we accordingly affirm its decision.

I.

{¶2} This case flows from defendant-appellant Trevon Jackson's initial run-in with the law in 2016 when he pled guilty to, and was convicted of, having weapons while under a disability. His sentence included three years of intensive supervised probation, which he violated about a year later. The trial court provided Mr. Jackson with another opportunity to avoid prison while under community control, but Mr. Jackson again strayed from the path, violating his community control for a second time in 2018. Mr. Jackson pled not guilty to this second community control violation. After an evidentiary hearing on the matter (consisting of in-person testimony by several witnesses), the trial court revoked Mr. Jackson's community control and sentenced him to 30 months in prison (less about a year of credit), finding that he violated multiple community control conditions.

{¶3} During the evidentiary hearing, the trial court heard testimony from several individuals, including two probation department employees, two deputy sheriffs, and Mr. Jackson himself. That testimony established that Mr. Jackson showed little regard for the conditions of his electronic monitoring, going to several places without authorization. On one notable occasion, Mr. Jackson wandered over to his girlfriend's neighborhood to intimidate a young woman, threatening to kill her

upon his release from electronic monitoring. Soon after that incident, probation officers found on Mr. Jackson's cell phone a picture of himself holding a gun and an incriminating text conversation with his girlfriend, where Mr. Jackson discussed with her information concerning purchasing a firearm. Mr. Jackson was not allowed to have a firearm at the time, and of course his unlawful possession of a firearm led to his underlying conviction.

{¶4} Based on this evidence, the trial court found Mr. Jackson guilty of violating the terms of his community control. In line with the probation department's recommendation for prison, the trial court sentenced Mr. Jackson to 30 months in prison for violating multiple community control conditions, including breaking the terms of his electronic monitoring, attempting to acquire a firearm, and failing to provide a required drug screen. Mr. Jackson now appeals the trial court's decision.

## II.

{¶5} On appeal, Mr. Jackson's sole assignment of error challenges the record support for the trial court's revocation of community control and 30-month prison sentence. As provided by R.C. 2953.08(G)(2), on review of a felony sentence, a court "may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley,* 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. However, "the trial court is not

required to note its consideration of all the sentencing factors." *State v. Bedell*, 2018-Ohio-721, 107 N.E.3d 160, ¶ 29 (1st Dist.).

{¶6} Mr. Jackson first argues that the trial court failed to consider appropriate mitigating evidence, highlighting his remorse, "whether he had refused to acknowledge a pattern of drug abuse,"[1] and the lack of physical harm to person or property. Yet, not only does Mr. Jackson fail to make any affirmative demonstration that the trial court did not consider these factors, but the trial court explained that it considered both the sentencing purposes and principles along with relevant mitigating factors. Indeed, the trial court explicitly stated that it "considered the statements of counsel and the defendant today," which includes Mr. Jackson's expression of remorse. And the court emphasized: "The Court has considered the record, and in particular the defendant's testimony and several witnesses who testified in this probation violation hearing * * *." While the violations did not involve a harm to person or property, the trial court certainly considered that they related to the exact issue underlying his conviction—the unlawful possession of a firearm. And the threats that he made to the young woman assumed significance in light of his prior convictions for aggravated menacing.

{¶7} Absent a showing to the contrary, this court should presume that the trial court considered the appropriate statutory provisions and all relevant mitigating factors. *State v. Patterson*, 1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 60 ("R.C. 2929.11 and 2929.12 are not 'fact finding' statutes, and * * * we may presume a trial court considered these factors absent an affirmative demonstration by a

---

[1] The history of drug abuse point is not developed at all in Mr. Jackson's brief and we did not see much mention of drug abuse in the proceedings below other than that Mr. Jackson failed to submit a required drug test. Without a better-developed argument, we see nothing on this point to disturb the conclusions of the trial court.

defendant to the contrary."). This assumption is bolstered by the trial court's explicit statements that it "considered all relevant seriousness and recidivism factors." Moreover, the record supports these findings that Mr. Jackson is "no longer likely amendable to an available Community Control sanction" in light of the complete record before the trial court.

{¶8}   Mr. Jackson has pointed us to nothing in the record that would cast doubt upon the trial court's conclusions or that showed a failure by the court to consider all of the evidence before it.  We accordingly overrule Mr. Jackson's single assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.