[Cite as *State v. Combs*, 2020-Ohio-5495.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190530 |
| | | TRIAL NO. B-1803185B |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| TRULANCE COMBS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:    Affirmed in Part, Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  December 2, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assisting Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant Trulance Combs appeals from the judgment of the Hamilton County Court of Common Pleas revoking his community control and imposing a prison sentence of eight years, with 129 days of confinement credit. He argues that the trial court failed to properly consider R.C. 2929.11 and 2929.12 when sentencing him and to award sufficient credit for his confinement before serving the prison term.

{¶2} The record does not support Combs's claim that the court failed to consider the relevant sentencing statutes when imposing the eight-year prison term, but it does show that Combs should have received additional confinement credit. Thus, we vacate the confinement-credit calculation from his sentence and remand the cause to the trial court for the proper calculation of the credit. In all other respects, we affirm.

### Facts and Procedural History

{¶3} In 2018, Combs was convicted of burglary, a second-degree felony, after entering a guilty plea. The trial court ordered a presentence investigation, which showed that Combs had never served a prison term but had a high risk of recidivism. The trial court subsequently sentenced Combs to two years of community control with intensive supervision. One condition of the community-control sanction included the successful completion of the residential program at the River City Correctional Center. The court also notified Combs that he would be sentenced to an eight-year prison term, the maximum term for the offense, if he violated the conditions of his community control.

{¶4} In April 2019, Combs was charged with violating the conditions of his community control. He pleaded guilty to that charge in August 2019. The trial court then revoked Combs's community control and, after a full sentencing hearing, imposed an eight-year prison term. The court additionally indicated Combs would be credited "for whatever time he'[d] served." The clerk announced that the amount appeared to be 129 days, but also indicated that amount may not have included the days that Combs was confined at River City. The court then notified Combs he would receive a "credit" of 129 days and included this credit in the sentencing entry. Combs did not object when informed of the 129 days of credit.

## Assignments of Error

{¶5} Both of Combs's assignments of error involve his sentence. Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a felony sentence only if we clearly and convincingly find that the record does not support the trial court's findings under relevant statutes or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, quoted in *State v. Jackson,* 1st Dist. Hamilton No. C-180162, 2019-Ohio-1688, ¶ 5; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶6} We first address Combs's second assignment of error. In essence, he argues that his eight-year prison term is contrary to law. Specifically, Combs contends the trial court failed to consider R.C. 2929.11 and 2929.12 when determining an appropriate sentence.

{¶7} When sentencing Combs for his community-control violation, the trial court was to be guided by the purposes of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *See State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. But these are not fact-finding

3

statutes, and absent an affirmative demonstration by Combs to the contrary, we may presume that the trial court considered them. *State v. Bedell*, 2018-Ohio-721, 107 N.E.3d 160, ¶ 29 (1st Dist.); *State v. Patterson*, 1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 60. Combs argues that this court cannot presume the trial court considered the statutes in this case because of the mitigating facts he presented. We disagree.

{¶8}    At the sentencing hearing for the community-control violation, the trial court noted that Combs was placed on community control after a burglary conviction and then violated the conditions of his community control in several significant ways. He walked away from his work detail and failed to return to River City. After absconding, he was charged in Kentucky with raping the mother of his children in front of his children. The trial court also solicited facts in mitigation from defense counsel and the defendant. These included that Combs was young, had a job waiting for him, and had entered a guilty plea to a reduced sex offense in Kentucky. In the end, though, the court imposed the eight-year prison term it had told Combs it would impose if he violated the conditions of his community control. On this record, Combs has not affirmatively demonstrated that the trial court failed to consider R.C. 2929.11 and 2929.12 when imposing sentence. Accordingly, we overrule the second assignment of error.

{¶9}    In his first assignment of error, Combs argues the trial court committed plain error when it failed to properly calculate his credit for confinement. According to Combs, he was not credited for confinement in accordance with the credit afforded under R.C. 2967.191, including all of the days he was confined at River City.

4

{¶10} A felony offender sentenced to prison is entitled to a credit for the "total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191. The trial court has the duty to determine this confinement credit at the sentencing hearing and include in the sentencing entry the proper amount of the credit. R.C. 2929.19(B)(2)(g)(i). The amount of time served in a community-based correctional facility qualifies as confinement under R.C. 2967.191 and should be credited towards a prison sentence after conditions of the community sanctions are violated. *See State v. Napier*, 93 Ohio St.3d 646, 648, 758 N.E.2d 1127 (2001); *State v. Whited*, 12th Dist. Butler No. CA2018-04-079, 2019-Ohio-18, ¶ 22.

{¶11} The trial court's failure to properly calculate the amount of confinement-time credit rises to the level of plain error and renders that part of the sentence clearly and convincingly contrary to law. *See State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 12. The state concedes that Combs was not sufficiently credited for all of his confinement, including the time he was confined at River City, a community-based correctional facility. Consequently, we sustain the first assignment of error. The cause must be remanded for the trial court to determine the proper amount of confinement credit to which Combs is entitled.

## Conclusion

{¶12} Because the trial court did not properly calculate Combs's confinement credit, we vacate that part of Combs's sentence, and we remand the cause for the trial court to determine the proper amount of confinement credit to which Combs is entitled. In all other respects, we affirm.

Judgment affirmed in part, vacated in part, and cause remanded.

**MYERS, P.J.**, and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.