[Cite as *State v. Mimes*, 2021-Ohio-2494.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200122 |
| | | TRIAL NO. B-1906901 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| WILLIE MIMES, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  July 21, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald Springman*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**HENDON, Judge.**

{¶1} Defendant-appellant Willie Mimes appeals the 36-month prison sentence that the trial court imposed after Mimes pleaded guilty to failing to comply with an order or signal of a police officer. We affirm the 36-month prison term. We reverse the portion of the trial court's judgment imposing costs and fines and remand this cause to the trial court to correct the clerical error in the entry reflecting the imposition of costs and fines.

## I.     Facts and Procedure

### A.     Background

{¶2} On December 10, 2019, Willie Mimes, III, was charged with "failure to comply with an order or signal of a police officer" under R.C. 2921.331(B). Mimes had committed a traffic violation and had fled from law enforcement after being signaled to pull over. He then crashed the vehicle into a pole and fled on foot. Mimes was apprehended by law enforcement at his home on that same day, and indicted on a sole count of failure to comply one week later.

{¶3} In January 2020, Mimes entered a guilty plea to the charge. The trial court ordered a presentence investigation report, an advisability of treatment report, and a River City evaluation.

### B.     The Sentencing Hearing

{¶4} In February 2020, the court held a sentencing hearing. In mitigation, counsel for Mimes acknowledged that the officers had reservations about Mimes' attitude, but that Mimes had taken full responsibility for his actions after being read his *Miranda* rights. Counsel argued that the reports supported Mimes' eligibility for intensive supervised probation; that Mimes had "no problems with alcohol or drugs"

and that he was at a "moderate risk" to reoffend although his "employment history in his neighborhood placed him on high risk areas as far as the risk assessment score." Counsel also stated that Mimes had "been through a lot for being such a young man," that he was "just asking for help" and was apologetic.

{¶5} Mimes had initially expressed that he had nothing to say on his own behalf. The court then asked Mimes, "No apologies?" to which Mimes responded "I apologize." The court asked Mimes if he realized how dangerous the situation was. Mimes replied with, "Can we just get to the point?" and that the court could "do what you all have to do" if it did not want to send him to six months of treatment at River City. The court responded, "We are not doing that." Mimes then said, "Three years? Do that. It is what it is."

{¶6} After being given time to speak with Mimes outside of court, counsel explained that Mimes had been in the Hamilton County Justice Center for 72 days, and that he was "a little frightened" and had "bad nerves." The court disagreed and, based on Mimes' juvenile record and the officer's account of what happened at the scene, stated that it was "not going to waste a bed." After considering the risk that Mimes would commit another offense, the need to protect the public, the nature and circumstances of the offense, and Mimes' history, character, and condition, the court determined that a prison sentence was required.

{¶7} Mimes was sentenced to 36 months in the Ohio Department of Corrections with credit for days served at the Hamilton County Justice Center and for transport time. Mimes did not object. The trial court opted not to order fines or court costs.

## II.   Standard of Review

{¶8}   Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the trial court's findings under relevant statutes–specifically division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code–or that the sentence is contrary to law. *State v. Anderson*, 1st Dist. Hamilton No. C-190588, 2021-Ohio-293, ¶ 6.

{¶9}   With respect to R.C. 2929.11 and 2929.12, this court has long held that these are not fact-finding statutes, and that, absent an affirmative demonstration to the contrary, we will presume that the trial court considered them.

{¶10} We review a trial court's imposition of court fines and costs to determine whether clear and convincing evidence supports the order. The state concedes this issue, stating that the issue of court costs was a clerical error, and requests the matter be remanded for correction.

## III.   Assignment of Error

{¶11} In his first assignment of error, Mimes argues that the sentence imposed by the trial court was contrary to law. Mimes contends that the trial court's sentence did not comply with the principles and purposes of sentencing under R.C. 2929.11, and that it is not consistent with the seriousness and recidivism factors of R.C. 2929.12.

{¶12} In his second assignment of error, Mimes argues that the trial court erred by imposing court costs after stating that it would not do so during the sentencing hearing.

4

A.  Purposes and Principles of Sentencing

{¶13}  R.C. 2929.11(A) provides that a sentencing court "shall be guided by the overriding purposes of felony sentencing," which are in place "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender" by using the minimum sanctions which would accomplish those purposes "without imposing an unnecessary burden on state or local government resources. The sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶14}  However, in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, the Ohio Supreme Court recently held that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12 because * * * R.C. 2929.11 and 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31.

{¶15}  The court further held that a trial court's findings under R.C. 2929.11 and 2929.12 were not reviewable under R.C. 2953.08(G)(2)(b) because "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 34. The court concluded that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that

5

of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶16} The record indicates that the trial court imposed the 36-month sentence after considering the risk that Mimes would commit another offense, the need to protect the public, the nature and circumstances of the offense, and Mimes' history, character, and condition. The trial court took Mimes' juvenile record, the presentence reports and assessments, and the seriousness of Mimes' offense into consideration, and determined that a prison sentence was required.

{¶17} Mimes has not shown that the trial court failed to consider the factors in R.C. 2929.11 and 2929.12. Pursuant to *Jones*, this court is not permitted to independently weigh the factors in R.C. 2929.11 and 2929.12 and substitute our judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, Slip Opinion No. 2020-Ohio-6729, at ¶ 42. Therefore, we hold that the 36-month sentence imposed was not contrary to law. Mimes' assignment of error is overruled.

## B.  Court Costs and Fines

{¶18} The trial court announced that there would be no court costs or fines, but the entry reflected imposition of costs and fines. The state concedes that the case should be remanded to correct this error. The second assignment of error is sustained.

## IV.  Conclusion

{¶19} We affirm the portion of the trial court's judgment where it sentenced Mimes to 36 months of imprisonment. We reverse the trial court's judgment assessing

costs and fines and we remand the matter to the trial court to correct this clerical error in the entry.

Judgment affirmed in part and reversed in part, and cause remanded.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

SYLVIA SIEVE HENDON, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its entry on the date of the release of this opinion