**[Cite as *State v. Fissel*, 2022-Ohio-1856.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210483 |
| | | TRIAL NO. B-2005750 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| ELIZABETH FISSEL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 3, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher* and *Elizabeth Conkin,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   In a case reminiscent of a movie plot, a once-trusted employee pilfered a staggering sum of money (around $2 million) from the company for which she worked before eventually getting caught and pleading guilty to the theft.  She now claims that the trial court committed a number of errors in imposing an eight-year term of incarceration.  We disagree, however, and find the record at hand supports the trial court's sentencing decision.  Accordingly, we affirm its judgment.

I.

{¶2}   Shortly after being hired as the controller at Hadronics, Inc., defendant-appellant Elizabeth Fissel embarked on a brazen embezzlement campaign. For the next five and a half years, on a near-weekly basis, Ms. Fissel abused her position of trust by forging checks to herself, endorsing them with the company's signature stamp, and depositing them into her personal account.  Ms. Fissel's responsibilities as controller allowed her to inaccurately record and report Hadronics' expense obligations, effectively hiding the fraudulent deposits and making it seem (on paper) as if Hadronics was lurching towards financial distress.   With no one at the company looking over her shoulder, she acted with impunity.

{¶3}   But she ultimately became a victim of the scheme's success.  In 2020, with the company teetering in a precarious financial situation, it forced Hadronics to downsize its labor force and payroll costs to stay afloat.  In a twist of fate (or perhaps karma), Hadronics could no longer afford to employ a controller or a number of other employees.  The company thereby eliminated Ms. Fissel's position and she departed the same day, though not before accepting a severance agreement from Hadronics on the way out the door.  Without Ms. Fissel's manipulation of its accounting records,

Hadronics quickly noticed inaccuracies and ultimately realized that she had stolen approximately $2.2 million during her nearly six-year tenure with the company.

{¶4} Later that year, a grand jury indicted Ms. Fissel on three counts of theft and one count of tampering with records. Ms. Fissel pled guilty to one count of theft under R.C. 2913.02(A)(1), a first-degree felony, in exchange for the dismissal of the remaining charges. The trial court ordered the preparation of a victim-impact statement for its sentencing consideration, which Hadronics' lawyer orally presented at the sentencing hearing. The court sentenced Ms. Fissel to an eight-year term of incarceration and ordered her to pay $2 million in restitution along with court costs. Ms. Fissel now appeals, bringing three assignments of error. We overrule all three and affirm the judgment of the trial court.

## II.

## A.

{¶5} As an initial matter, Ms. Fissel lodged no objections during her sentencing hearing, thereby forfeiting all but plain error review for each assignment of error. Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). "For this court to reverse on plain error, we must find that (1) there was an error, (2) the error was plain, i.e., an obvious defect in the trial court proceedings, and (3) the error affected substantial rights, i.e., it affected the outcome of the trial." *State v. Burgett*, 2019-Ohio-5348, 139 N.E.3d 940, ¶ 30 (1st Dist.), citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶6} Ms. Fissel first contends that the trial court violated her constitutional right to due process by relying on hearsay statements in support of its decision to

impose an eight-year prison term. In particular, Ms. Fissel challenges statements made by Hadronics' counsel, Christopher McDowell, when he presented the victim impact statement on behalf of the company at the sentencing hearing. Mr. McDowell shared with the court that Ms. Fissel embezzled over $2 million, that the theft forced Hadronics to lay off 13 employees, that she hid or disposed of assets to avoid them being seized in the civil suit against her, and that she lied about the value of her assets. Though she acknowledges that the Ohio Rules of Evidence do not apply to sentencing proceedings under Ohio law, *see* Evid.R. 101(C)(3), Ms. Fissel relies on federal law in her appellate brief when insisting that admissible hearsay must have "some minimum indicium of reliability beyond mere allegation." *See United States v. Smith*, 887 F.2d 104, 108 (6th Cir.1989). In her view, because Mr. McDowell offered no financial records, canceled checks, deposition transcripts, or other objective evidence, the trial court violated Ms. Fissel's due process rights by relying upon his statements in support of its sentence.

{¶7} The state correctly responds that Ms. Fissel's cited federal standard does not reflect Ohio law regarding sentencing (because it pertains to a calculation under the federal sentencing guidelines). Under Ohio law, because sentencing proceedings fall "[a]mong those listed as specifically excepted from the Rules of Evidence, including the hearsay rule," reliable hearsay statements such as victim-impact statements or presentence investigation reports are permissible in an Ohio trial court's sentencing determination. *State v. Cook*, 83 Ohio St.3d 404, 425, 700 N.E.2d 570 (1998), *overruled on other grounds*, *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. "Hearsay is considered reliable when it bears 'sufficient indicia of reliability to support its probable accuracy,' or when there is 'a reasonable

4

probability that it is true.' " *State v. Phillips*, 12th Dist. Madison No. CA2003-03-012, 2004-Ohio-2301, ¶ 7, quoting *State v. Lee,* 128 Ohio App.3d 710, 719, 716 N.E.2d 751 (1st Dist.1998), fn. 4. Put another way, "[h]earsay can be considered reliable at sentencing where there is no indication it is false or unreliable." *State v. Halk*, 7th Dist. Mahoning No. 17 MA 0030, 2018-Ohio-984, ¶ 12.

{¶8} With that standard in mind, we turn to the evidence considered by the trial court. The victim of a crime has the right to personally present an impact statement to the court prior to sentencing, *see* R.C. 2930.14(A), or to designate another person to exercise the rights of the victim and speak to the court on his or her behalf. R.C. 2930.02(A). The transcript in this case reflects that Hadronics' owner was present in the courtroom during the sentencing hearing and elected to have Mr. McDowell speak as the victim advocate on behalf of the company. As a result, this compelled the court to take into account Mr. McDowell's statement "along with other factors that the court is required to consider in imposing sentence." R.C. 2930.14(B). Those factors include the record, any information relevant to the imposition of sentence in the case, and the presentence investigation report if one is prepared. R.C. 2929.19(B)(1)(a).

{¶9} Our review of the sentencing hearing shows that the trial court properly considered the statutory factors, including the victim-impact statement. We see no indication in the record to cast doubt on the reliability of any of Mr. McDowell's information. Ms. Fissel failed to challenge the accuracy of Mr. McDowell's statements at either the trial or appellate level, and the statements he made are substantially corroborated in the record by Ms. Fissel's guilty plea, the presentence investigation report, the forensic psychological report, and Ms. Fissel's sentencing memorandum

5

and exhibits submitted to the court. In light of this robust record, and without any contemporaneous objection, "regarding victim impact statements, it is not necessary for the victim to present evidentiary material in support of his statement." *State v. Leonard*, 11th Dist. Ashtabula No. 2002-A-0073, 2003-Ohio-6226, ¶ 22.

{¶10} We must also keep in mind the overarching purpose of a victim-impact statement—to advise the trial court of the economic loss suffered by the victim and to explain the impact experienced by the victim as a result of the offense. *See* R.C. 2947.051(B). Ms. Fissel admitted to stealing at least $1.5 million from Hadronics when she pled guilty, because her offense could only be classified as a first-degree felony when "the value of the property or services stolen is one million five hundred thousand dollars or more." R.C. 2913.02(B)(2). Whether the amount is closer to the $1.5 million in the statute or the $2.2 million relayed by Mr. McDowell, no one disputes that Ms. Fissel embezzled a significant amount of money from Hadronics. Nor is it a mere allegation that the theft forced Hadronics to lay off employees, given how that eventuality ultimately brought Ms. Fissel's fraud to light. Mr. McDowell's assertions speak directly to the statutory purpose of victim-impact statements and are supported in other parts of the record.

{¶11} Ms. Fissel also takes issue with Mr. McDowell's assertions that she dodged service in the civil suit against her, lied about the value of some assets in that case, and disposed of other assets to prevent attachment in the civil suit. But Mr. McDowell represented the company in the civil suit that it filed against her, and he questioned Ms. Fissel at her deposition. Given his first-hand knowledge of such matters, we fail to see any plain error by the court in this respect.

6

{¶12} This assignment of error seems to boil down to a claim that the trial court fell sway to impermissible factors by virtue of the difference between the prison term offered by the state and the sentence ultimately imposed. Ms. Fissel declined the state's original offer of an agreed six-year prison term in exchange for a guilty plea to the first-degree felony theft. At the sentencing hearing, Hadronics asked the court to impose a sentence at the higher end of the range, a statement Ms. Fissel now takes umbrage with. But in light of her rejection of the state's offer, there was no agreed or recommended sentence on the table from which the trial court deviated. And even if there had been, "plea agreements are generally made *between the State and a defendant * * ** [and] are not inherently binding upon the trial court." (Emphasis sic.) *State v. Elliott*, 2021-Ohio-424, 168 N.E.3d 33, ¶ 8 (1st Dist.) (elaborating on the distinctions between agreed and recommended sentences, and on scenarios where trial courts can be bound).

{¶13} A defendant who rejects a recommended sentence offer and, in effect, elects to roll the dice on the trial court's sentencing discretion does not get to reroll simply because the dice bounced unfavorably. The trial court warned Ms. Fissel when accepting her guilty plea that no agreed sentence existed and that she was "facing 3 to 11 years in prison" at sentencing. No one disputes the accuracy of that range, and we see no plain error in the imposition of the sentence within the appropriate range on the record at hand. Accordingly, we overrule Ms. Fissel's first assignment of error.

B.

{¶14} In her second assignment of error, Ms. Fissel claims her sentence stands contrary to law because the trial court failed to consider evidence of remorse. An

7

appellate court may modify or vacate a sentence only if it clearly and convincingly finds that either the record does not support the mandatory sentencing findings or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). Pursuant to R.C. 2929.12, before imposing a felony sentence, a trial court must consider a list of factors relating to the seriousness of the crime and the defendant's likelihood of committing future crimes. Relevant here, R.C. 2929.12(D)(5) and (E)(5) advise trial courts that an offender's level of remorse may indicate whether he or she is more or less likely to commit future crimes. Ms. Fissel alleges that the trial court found her unremorseful based on conduct that occurred "in the throes of her criminal activity," without considering any of her postarrest demeanor.

{¶15} Because R.C. 2929.12 is not a fact-finding statute, "[a]bsent a showing to the contrary, this court should presume that the trial court considered the appropriate statutory provisions and all relevant mitigating factors." *State v. Jackson*, 1st Dist. Hamilton No. C-180162, 2019-Ohio-1688, ¶ 7. Prior to sentencing, the court noted that it was sympathetic to Ms. Fissel's personal and familial struggles and issues that presumably set her down the wrong path. It then considered Ms. Fissel's statements of remorse, before explicitly rejecting them. "[A] reviewing court must defer to the trial court as to whether a defendant's remarks are indicative of genuine remorse because it is in the best position to make that determination." *State v. Dudley*, 11th Dist. Lake No. 2009-L-019, 2009-Ohio-5064, ¶ 22. In other words, nothing compels the trial court to reflexively accept a defendant's statement of remorse, and here we can see a number of reasons why the court might question Ms. Fissel's sincerity.

**{¶16}** Additionally, the factors listed in R.C. 2929.12 are not exhaustive and the explicit language of the statute allows a court to "consider any other factors that are relevant to achieving those purposes and principles of sentencing." "During the sentencing phase of a criminal proceeding, a court's sentence is based upon many contextual factors of the case, including the gravity of the offense and the character and history of the defendant." *State v. Williams*, 11th Dist. Lake Nos. 2007-L-131 and 2007-L-137, 2008-Ohio-2122, ¶ 36, citing *State v. Barker*, 53 Ohio St.2d 135, 150-151, 372 N.E.2d 1324 (1978). The trial court specifically balanced any remorse on the part of Ms. Fissel against the emotional and financial toll her actions took on Hadronics, its owners and their families, and its employees. Ms. Fissel's own letter to the court acknowledged that she damaged this family-run business in ways that can never be repaired. "Pursuant to R.C. 2947.051, the impact of the criminal act on a victim is a factor a trial judge must consider in arriving at a fair and just sentence." *Williams* at ¶ 36. On this record, Ms. Fissel is unable to affirmatively demonstrate that the trial court failed to consider evidence of her remorse and her second assignment of error is overruled.

C.

**{¶17}** In her final assignment of error, Ms. Fissel argues that the trial court erred by not imposing court costs at the sentencing hearing. In support of this argument, Ms. Fissel cites to *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, for the proposition that a trial court must impose court costs at the sentencing hearing in order for an indigent defendant to seek a waiver. "However, *Joseph* is no longer good law for this point." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 263. After *Joseph* was decided, "the General

Assembly amended R.C. 2947.23 by adding subdivision (C): 'The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing *or at any time thereafter*.' " (Emphasis sic.) *Id.* at ¶ 265. We recognize that some Ohio appellate courts, including this one, have remanded cases post-*Beasley* in order for a defendant to request a waiver of court costs based on indigency. *E.g., State v. Davis*, 1st Dist. Hamilton Nos. C-200249, C-200250, C-200251 and C-200252, 2021-Ohio-2954, ¶ 20. To the extent that *Davis* is inconsistent with *Beasley* and R.C. 2947.23(C), the latter control. Ms. Fissel no longer needs this court to remand in order for her to file a motion to waive costs in light of the statutory change. Accordingly, this assignment of error is without merit and overruled.

*     *     *

{¶18} In light of the foregoing analysis, we overrule all three of Ms. Fissel's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **BOCK, J.,** concur.

Please note:

> The court has recorded its entry on the date of the release of this opinion.