[Cite as *State v. Savage*, 2022-Ohio-3653.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190756 |
| | | TRIAL NO. B-1903547 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| KEESEAN SAVAGE, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 14, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger Kirk,* for Defendant-Appellant.

**BOCK, Judge.**

{¶1}  Defendant-appellant Keesean Savage appeals his convictions for rape and kidnapping. He argues that his pleas were not made voluntarily, knowingly, or intelligently, the counts should have been merged, the sentences were excessive, and sentencing him under the Regan Tokes Law was error as the law is unconstitutional. We affirm the trial court's judgment.

## Facts and Procedure

{¶2}  Savage was indicted on one count of rape under R.C. 2907.02(A)(2), a felony of the first degree, and one count of kidnapping under R.C. 2905.01(A)(2), a felony of the second degree, with specifications.

The trial court heard arguments involving allied offenses of similar import.

{¶3}  Before trial, the state moved for a finding that the counts were not allied offenses of similar import.

{¶4}  Detective Antonio Hamilton, the only witness at the hearing on the motion, testified that T.H. was waiting to catch a bus to work when Savage asked her for a cigarette. T.H. gave Savage the cigarette and Savage walked away through a gate. He came back and told T.H. that the car that had recently hit his car was located behind a building in the parking lot. Savage asked T.H. to take photos with her phone.

{¶5}  Hamilton testified that T.H. had turned to take another picture when Savage grabbed her from behind by the throat, lifted her up, and dragged her to an alleyway "quite a few feet" away "where there's crates out of sight of the parking lot." The only way to get out of the alley, which was out of the view of the public, was through the parking lot. Once Savage got T.H. in the alley, he made her put her shirt over her face and pull down her pants. Savage then raped T.H. Once he completed the

2

rape, he told her to wait ten minutes, picked up the phone that she dropped when he grabbed her, and "took off." T.H. went to a nearby fire station for help.

{¶6} Hamilton testified that a criminalist took photos to document the scene and show how the rape happened. The police obtained videos and still shots from surveillance footage captured by a nearby coffee shop. The state played a video that showed Savage coming through the gate at 6:58 a.m. At 7:23 a.m., the footage showed T.H. taking the photos, Savage grabbing her three seconds later, and dragging her by the throat out of view of the camera. About five minutes later, the video showed Savage running away. Hamilton testified that Savage moved T.H. approximately 15 to 20 feet from the vehicle where she was taking pictures to the alley where the rape occurred.

{¶7} The state argued that Savage's use of deception to lure T.H., into a parking lot was substantial movement of T.H., followed by Savage grabbing her in a chokehold from behind, dragging her to a "recessed dead end corridor that ran off the alley," and slamming her to the ground, subjecting T.H. to grave danger.

{¶8} Savage responded that the acts were a part of the same animus because the kidnapping and the rape were committed at the same time—that T.H.'s movement was a "short" 12–15 feet to the side of a building. He asserted that the confinement was not secretive, but in broad daylight and in the open. He contended that the restraint was not prolonged beyond what was necessary to commit the underlying rape offense as the entire act "lasted four to five minutes."

{¶9} The trial court found that the rape and the kidnapping were not allied offenses because Savage used deception to remove T.H. from where she had been sitting "to take her to a location that would hinder her discovery and removed her from

3

the view of passersby." It found that Savage further restrained T.H. when he dragged her down the alley to conceal the rape.

Savage pled guilty.

{¶10} Savage pled guilty to kidnapping and rape. The trial court engaged in the Crim.R. 11 plea colloquy, confirming that Savage was entering the pleas of his own free will and that he was pleading to offenses that required the court to impose an indefinite sentence. The court advised Savage that he was not eligible for community control, of the minimum and maximum terms and the ranges of those respective terms, he would be on postrelease control, and of his requirement to register as a sex offender and violent offender upon his release. The court informed Savage of the consequences of violating postrelease control, including new felony convictions.

{¶11} The court advised Savage that he was waiving his rights to a trial, confront witnesses, present his own witnesses, make the state prove his guilt beyond a reasonable doubt, and against self-incrimination. The court informed Savage of potential new charges as he was on juvenile probation at the time of conviction. The court explained that, by accepting Savage's plea, it could proceed to sentencing.

{¶12} Savage responded that he "did not want to waive his opportunity to appeal * * * down the line [his] prior motion about the allied offenses and the sentencing with that."

{¶13} At sentencing, Savage requested that the court consider *State v. O'Neal*, Hamilton County C.P. No. B-1903562 (Nov. 20, 2019), where the trial court determined that the indefinite sentencing scheme under the Reagan Tokes Law was unconstitutional. Savage requested that the court impose a definite ten-year sentence.

**{¶14}** After considering the purposes and principles of sentencing factors set forth in R.C. 2929.11 and 2929.12, and the indefinite sentencing scheme under R.C. 2967.271, the trial court sentenced Savage to an indefinite prison term of 16 to 20 years—eight years on each count to run consecutively, plus 50 percent of the minimum of each count, as directed by R.C. 2967.271. It imposed a term of postrelease control and required Savage to register as a violent offender and a Tier III sex offender.

### Law and Analysis

A. Savage's pleas were voluntarily, knowingly, and intelligently made.

**{¶15}** In Savage's first assignment of error, he argues that his pleas were not entered voluntarily, knowingly, or intelligently because the trial court failed to inform him of the correct complete maximum penalty for the charges to which he pled. Specifically, Savage contends that the court did not inform him that his sentence could be increased by the Ohio Department of Rehabilitation and Correction ("DRC") for bad conduct during his incarceration.

**{¶16}** To determine whether a plea was entered knowingly, intelligently, and voluntarily, "an appellate court examines the totality of the circumstances through a de novo review of the record." *State v. Foster*, 2018-Ohio-4006, 121 N.E.3d 76 (1st Dist.), quoting *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 13 (8th Dist.).

**{¶17}** Crim.R. 11(C)(2)(a) requires the trial court to determine whether the defendant is entering the plea voluntarily, with an understanding of the effect of the plea, knows that the court may proceed to judgment and sentencing, and understands the nature of the charges and the maximum penalty involved. The term "maximum penalty" refers to "[t]he heaviest punishment permitted by law."

5

{¶18} A trial court must strictly comply with the constitutional notifications in Crim.R. 11(C)(2)(c). *State v. Green*, 1st Dist. Hamilton No. C-170477, 2019-Ohio-1428. Here, the trial court strictly complied with every constitutional requirement.

{¶19} A trial court must substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*; *see State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (Dec. 19, 1990). "Literal compliance with Crim. R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." *Nero* at 108. Moreover, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). The test for prejudice is whether the plea would have otherwise been made. *Veney* at ¶ 15.

{¶20} R.C. 2943.032(A) states that, before accepting a guilty or no-contest plea, a court "shall" personally inform the defendant that, if the court imposes a prison term, then the parole board can impose various punishments for behavior during imprisoned, and "with respect to a non-life felony indefinite prison term, one-half of the minimum prison term included as part of the stated non-life felony indefinite prison term originally imposed on the offender."

{¶21} While the record reflects that the trial court strictly complied with Crim.R. 11(C)(2)(c), it failed to abide by R.C. 2943.032. The trial court did not inform

6

Savage that, under R.C. 2967.271, his release at the expiration of his minimum term is a rebuttable presumption and, upon rebutting this presumption, his maximum term could be invoked if DRC finds that he committed certain violations while incarcerated. R.C. 2929.19(B)(2)(c); R.C. 2943.032(A)-(D). *See State v. Pope*, 12th Dist. Butler No. CA2021-05-057, 2022-Ohio-426, ¶ 17.

**{¶22}** Savage had to show that he was prejudiced by the trial court's failure to inform him that DRC could extend his sentence beyond the presumptive minimum under the Reagan Tokes Law. But Savage made no argument that he would not have pled guilty had the court advised him of the administrative extension.

**{¶23}** The court advised Savage that he was pleading to offenses that required the imposition of an indefinite sentence and informed him of the minimum and maximum ranges. The record does not reflect that the trial court's failure to explain DRC's ability to extend the sentence beyond the presumptive minimum and up to the maximum prejudiced Savage. Savage's first assignment of error is overruled.

### B. Allied Offenses

**{¶24}** Savage's second assignment of error asserts that the court should have merged his charges because they were allied offenses of similar import with the same animus. We review a trial court's decision regarding allied offenses de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

**{¶25}** The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. This protection applies to Ohio citizens through the Fourteenth Amendment to the United States Constitution, and is additionally

guaranteed by the Ohio Constitution, Article I, Section 1. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Double Jeopardy Clause protects against three abuses: (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

{¶26} "Allied offenses of similar import are those offenses whose elements correspond to such a degree that the commission of one offense will result in the commission of the other." *State v. Luff*, 85 Ohio App.3d 785, 621 N.E.2d 493 (6th Dist.1993); *State v. Waddy*, 63 Ohio St.3d 424, 448, 588 N.E.2d 819 (1992). If a defendant is indicted for the same conduct that can constitute two or more allied offenses of similar import, the defendant may be convicted of only one. R.C. 2941.25(A). But a defendant may be convicted of all counts where a defendant's conduct supports multiple offenses. R.C. 2941.25(B).

{¶27} Courts should consider three questions to determine whether a defendant's conduct supports multiple offenses: (1) whether the offenses were dissimilar in import or significance, (2) whether the offenses were committed separately, and (3) whether the offenses were committed with separate animus and motivation. *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 31. An "affirmative answer to any of the above will permit separate convictions." *Id*. The analysis must focus on the defendant's conduct because an offense may be committed in a variety of ways and the offenses committed may have different import. *Id*. at ¶ 30. No bright-line rule can govern every situation. *Id*.

{¶28} When the movement or restraint of a victim happens because of the

8

rape, there cannot be separate convictions. *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), syllabus. When, however, "the restraint is prolonged, the confinement is secretive, or the movement is substantial to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions." *Id.*

{¶29} Moreover, a defendant may be convicted for both kidnapping and rape when the transportation or restraint of a victim subjects the victim to a substantial increase of risk of harm, separate from the harm caused by the rape itself. *Id.*

{¶30} Savage was convicted of kidnapping under R.C. 2905.01(A)(2), which provides that "[n]o person, by force, threat, or deception shall remove another from the place where the other person is found or restrain the liberty of the other person, for the purpose of committing a felony," and rape under R.C. 2907.02(A)(2), which provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶31} Savage argues that the four-to-five-minute restraint was not prolonged, the 15-to-20-foot movement of T.H. was not substantial, T.H. was moved within the same parking lot, and the location of the rape was not completely hidden from public view. He further argues that he did not have a weapon and his moving T.H. was incidental to the physical rape.

{¶32} We disagree. Savage deceived T.H. into moving across the parking lot. Then Savage put T.H. in a chokehold and dragged her to a secluded area. Although the distance may not have been long, his act of dragging her by the neck certainly subjected her to an additional risk of harm beyond the rape itself. Moreover, the alley was out of the view of the public and, once Savage completed the rape, he told T.H. not to leave

for ten minutes.

**{¶33}** The trial court did not err by finding that Savage's charges of rape and kidnapping were not allied offenses. Savage's second assignment of error is overruled.

## C.  The trial court's sentence was proper.

**{¶34}** In Savage's third assignment of error, he argues that the trial court excessively imposed consecutive prison sentences under the Reagan Tokes Law without properly considering the purposes and principles of sentencing or any of the factors set forth in R.C. 2929.11(A)-(B) and 2929.12(A)-(E), nor did it accurately consider the same in imposing the consecutive nonminimum terms.

**{¶35}** We review criminal sentences under R.C. 2953.08(G)(2), which allows appellate courts to increase, reduce, or otherwise modify a sentence, or to vacate the sentence and remand the matter for resentencing if it clearly and convincingly finds that either the record does not support the sentencing court's findings under relevant statutory provisions, or the sentence is otherwise contrary to law. *State v. Conley*, 1st Dist. Hamilton No. C-200144, 2021-Ohio-837, ¶ 20.

**{¶36}** This court has held that R.C. 2929.11 and 2929.12 are not fact-finding statutes, and that, absent an affirmative demonstration to the contrary, we will presume that the trial court considered them. *State v. Mimes*, 1st Dist. Hamilton No. C-200122, 2021-Ohio-2494, ¶ 9.

**{¶37}** R.C. 2929.11(A) provides that a sentencing court "shall be guided by the overriding purposes of felony sentencing," which are in place "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender" by using the minimum sanctions which would accomplish those purposes "without imposing an unnecessary burden on state

or local government resources." The sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶38} But "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12 because * * * R.C. 2929.11 and 2929.12 are not among the statutes listed in the provision." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 31. Indeed, a trial court's findings under R.C. 2929.11 and 2929.12 are not reviewable under R.C. 2953.08(G)(2)(b) because "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 34. R.C. 2953.08(G)(2) does not permit appellate courts to independently weigh the evidence or substitute its judgment for the trial court's judgment. *Id.* at ¶ 42.

{¶39} The trial court imposed the 16-to-20-year sentence after considering Savage's actions, the impact that his actions had on T.H. and the community, his juvenile adjudication for the rape of a functionally disabled family member, reports that Savage engaged in multiple violent offenses while incarcerated at Miami County Juvenile Detention for that rape, and the fact that Savage committed the current acts while on juvenile probation. The court further found that the consecutive sentences were necessary to protect the public and punish the offender and were not disproportionate to the seriousness of Savage's conduct and the danger he posed to the public.

11

{¶40} Savage has not shown that the trial court failed to consider the statutory factors. Under *Jones*, this court is not permitted to substitute its judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. Savage's third assignment of error is overruled.

### D. The Reagan Tokes Law

{¶41} In Savage's fourth assignment of error, he asserts that the Reagan Tokes Law is unconstitutional, and, as he was sentenced under that law, the sentence is contrary to law. He contends that the Reagan Tokes Law violates (1) the constitutional doctrine of separation of powers under the Ohio and United States Constitutions, (2) substantive due process and the procedural-due-process safeguards of the Due Course of Law Clause of the Ohio Constitution and the Due Process Clause of the United States Constitution, and (3) the Equal Protection Clauses of the Ohio and United States Constitutions. He further argues that the law is facially unconstitutional.

{¶42} This court determined that the Reagan Tokes Law was facially constitutional in *State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962. Therefore, we overrule Savage's fourth assignment of error.

### Conclusion

{¶43} The trial court's failure to inform Savage of the rebuttable presumption of release under R.C. 2929.19(B)(2)(c) was harmless error because Savage did not argue that, but for the trial court's error, he would not have pled guilty. Savage's offenses were not allied offenses because Savage dragging the victim exposed her to the risk of additional harm. This court previously held that the Reagan Tokes Law is facially constitutional *in Guyton*. Accordingly, we affirm the trial court's judgment.

Judgment affirmed.

**CROUSE, J.,** concurs.

**ZAYAS, P.J.,** concurs in part and dissents in part.

**ZAYAS, P.J.,** concurring in part and dissenting in part.

{**¶44**} I agree with the majority opinion that the convictions should be affirmed, and that the Reagan Tokes Law is not facially unconstitutional under separation-of-powers, equal-protection, and substantive-due-process grounds. With respect to procedural due process, I respectfully dissent because I agree with Judge Bergeron's thoughtful dissent in *Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, at ¶ 107 (Bergeron, J., concurring in part and dissenting in part), that the notice and hearing procedures under the Reagan Tokes Law violate the fundamental requirements of procedural due process. I depart from this court's precedent because " 'stare decisis' does not apply with the same force and effect when constitutional interpretation is at issue." *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 35-37; *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 38 (Fischer, J., concurring).

Please note:

The court has recorded its entry on the date of the release of this opinion.