[Cite as *State v. Mullins*, 2024-Ohio-421.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                          |   |                          |
|--------------------------|---|--------------------------|
| STATE OF OHIO,           | : | APPEAL NO. C-230320      |
|                          |   | TRIAL NO. B-2205078      |
| Plaintiff-Appellee,      | : |                          |
|                          | : |                          |
| vs.                      |   | *O P I N I O N.*         |
|                          | : |                          |
| KEIONTAL D. MULLINS,     | : |                          |
|                          |   |                          |
| Defendant-Appellant.     | : |                          |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 7, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} Following his six-year-old stepson's bathroom mishap at school, defendant-appellant Keiontal Mullins forced the child into scalding water, significantly burning the child's legs, buttocks, and genitals. Mr. Mullins eventually pleaded guilty to felonious assault and requested a two-year sentence. The state requested a five-year sentence. And the trial court ultimately imposed an indefinite sentence of five to seven and a half years. Mr. Mullins now appeals, challenging the length of his sentence as unsupported by the record and maintaining that his due process rights were violated at his sentencing hearing. Because the trial court appropriately considered the mitigating factors and did not improperly consider allegations of other crimes, we reject his arguments and affirm the trial court's judgment.

I.

{¶2} In October 2022, following his stepson's bathroom incident, Mr. Mullins picked up the child from school. When they arrived home, he forced the child into a bathtub containing scalding water. The child suffered significant burns to the lower portion of his body, including his legs, buttocks, and genitals.

{¶3} Mr. Mullins was subsequently indicted on two counts, both felonies of the second degree: felonious assault, in violation of R.C. 2903.11(A)(1), and child endangering, in violation of R.C. 2919.22(B)(1). Rather than go to trial, he pleaded guilty to felonious assault in exchange for the dismissal of the child endangerment charge. There was no agreement on a recommended sentence: Mr. Mullins requested a two-year sentence, while the state advocated for five years. Ultimately, the trial court

accepted Mr. Mullins's guilty plea and imposed a prison sentence of five to seven and a half years. He now appeals.

II.

{¶4} In his first assignment of error, Mr. Mullins challenges his five-to-seven-and-a-half-year indefinite sentence, contending the statutory guidelines and sentencing factors for felony sentencing as applied to this case do not support the imposition of a five-year sentence. "Pursuant to R.C. 2953.08(G)(2), an appellate court in Ohio may vacate or modify a felony sentence only if it clearly and convincingly finds that the record 'does not support the sentencing court's findings under [relevant statutes]' or 'the sentence is otherwise contrary to law.' " *State v. Shaw*, 1st Dist. Hamilton No. C-230089, 2023-Ohio-3230, ¶ 5, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9.

{¶5} "The Ohio Supreme Court has held that 'R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12 because [those statutes] are not among the statutes listed in the provision.' " *State v. Harris*, 1st Dist. Hamilton No. C-220584, 2023-Ohio-2076, ¶ 6, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 31. And because "R.C. 2929.11 and 2929.12 are not fact-finding statutes, * * * absent an affirmative demonstration to the contrary, we presume that the trial court considered them." *State v. Illing*, 1st Dist. Hamilton No. C-220166, 2022-Ohio-4266, ¶ 26, citing *State v. Mimes*, 1st Dist. Hamilton No. C-200122, 2021-Ohio-2494, ¶ 9.

{¶6} Although he acknowledges that the trial court's sentence fell within the permissible range (and thus is not contrary to law), Mr. Mullins claims that the trial

3

court failed to consider the purposes of felony sentencing (under R.C. 2929.11) and the appropriate seriousness and recidivism factors (under R.C. 2929.12). To support these claims, he emphasizes various mitigating factors such as his limited adult criminal record (and no felony convictions or offenses of violence), lack of likelihood of recurrence of circumstances under which the offense was committed, expressed remorse, no history of drug use, and overall low risk of recidivism.

{**¶7**}   But he fails to affirmatively demonstrate that the trial court did not consider these factors. And the record indicates the contrary. Defense counsel offered mitigating evidence of his remorse, lack of violent criminal history, and responsibility taken for the crime. The trial court noted that it considered these factors: "When considering the appropriate sentence in this case, I do look at all of the criteria that I am to follow and the factors for sentencing * * * And being guided by all of this, I also have to consider what is the appropriate sentence, but not too severe a sentence."

{**¶8**}   Even with his guilty plea, he still faced a potential sentence of eight years in prison. As evidenced by the imposition of a sentence of five years in prison instead of some greater amount, the trial court considered the purposes and principles of sentencing as well as mitigating factors. And had he not pleaded guilty, the state would likely not have dropped the child endangerment charge.

{**¶9**}   For the reasons discussed above, we overrule Mr. Mullins's first assignment of error.

### III.

{**¶10**} Mr. Mullins next maintains that the trial court violated his due process rights at his sentencing hearing by considering testimony regarding uncharged additional instances of abuse without indicia of reliability as to the allegations. As an

initial matter, he failed to object to the testimony during his sentencing hearing, forfeiting all but plain error review. Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). And this court only reverses a trial court's judgment based on plain error "under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

{¶11} To reverse on plain error, he "must show that an error occurred, that the error was plain, meaning 'obvious,' and that the error affected his 'substantial rights,' meaning it 'affected the outcome of the trial.' " *State v. Sowders*, 1st Dist. Hamilton No. C-230153, 2023-Ohio-4498, ¶ 11, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240; Crim.R. 52(B). And "[t]o show the error affected the outcome, the law requires the defendant 'demonstrate [] a reasonable probability that but for [the error], the outcome of the trial would have been different.' " *Id.*, quoting *State v. Mounts*, 1st Dist. Hamilton No. C-210608, 2023-Ohio-3861, ¶ 48-52 (synthesizing recent Supreme Court of Ohio plain error cases).

{¶12} With the plain error standard guiding our analysis, we turn to the contested testimony. During the sentencing hearing, the child's grandmother, grandfather, and uncle offered victim impact testimony. Throughout the testimony, the child's relatives referenced other instances of alleged child abuse. For example, the child's grandmother referenced other suspicious incidents—inferring Mr. Mullins's involvement—including when the child broke a tooth and when he had to get stiches on his chin. The child's grandfather also implied Mr. Mullins was involved with other instances of child abuse: "Like my wife stated, there has been bruises and cuts on his body since those two were together that are unexplainable. My daughter cannot

tell me what happened. [Mr. Mullins] cannot tell me what happened." And the child's uncle later added, "Considering all of the escalation, the things that have happened, Children's kept a list of things. So, there is a plethora of things that we probably don't know about what has happened to him."

{¶13} Generally, as Mr. Mullins acknowledges, a trial court may consider allegations of uncharged criminal conduct when sentencing a defendant. *State v. Tidmore*, 8th Dist. Cuyahoga No. 107369, 2019-Ohio-1529, ¶ 26 ("As this court has previously held, uncharged criminal conduct can be considered by the court during sentencing so long as it is not the 'sole basis' for the sentence."). And, under certain circumstances, hearsay statements are admissible in an Ohio trial court's sentencing determination. *State v. Fissel*, 1st Dist. Hamilton No. C-210483, 2022-Ohio-1856, ¶ 7. But to satisfy due process standards, such hearsay statements must be reliable—they must bear " ' "sufficient indicia of reliability to support [their] probable accuracy" ' " or " ' "a reasonable probability that [they are] true." ' " *Id.*, quoting *State v. Phillips*, 12th Dist. Madison No. CA2003-03-012, 2004-Ohio-2301, ¶ 7, quoting *State v. Lee*, 128 Ohio App.3d 710, 719, 716 N.E.2d 751 (1st Dist.1998), fn. 4.

{¶14} Because the plain error standard guides our analysis, however, even if the evidence lacked sufficient indica of reliability, Mr. Mullins must demonstrate a reasonable probability that but for the admission of the hearsay statements, the outcome of the sentencing hearing would have been different. He fails to do so. The trial court explicitly stated that it did *not* consider any of these statements in arriving at its sentence: "I completely understand that the grandparents feel there has been a history of child abuse. That is not before me and I'm not allowed to consider that,

because he is only convicted of one crime. This crime. And that is the reason why I am not giving him the maximum."

**{¶15}** And he fails to identify any evidence in the record undermining this statement, arguing only that the statements "certainly" negatively impacted the sentencing court. Without any evidence from the record supporting this allegation, he is unable to demonstrate that the evidence affected the sentence imposed.

**{¶16}** Accordingly, we overrule Mr. Mullins's second assignment of error.

\*     \*     \*

**{¶17}** In light of the foregoing analysis, we overrule both assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**BOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

7